1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ROBERT TUNSTALL,                          No.  2:15-cv-2100 KJN P

12                  Plaintiff,

13         v.                                   ORDER

14   BANKS, et al.,

15                  Defendants.

16

17         Plaintiff, a state prisoner proceeding without counsel, filed a document in the form of a

18   memo to the Clerk of Court referencing an attached letter to the Office of the Attorney General.

19   In his memo to the Clerk, plaintiff states that he has been verbally threatened, physically

20   assaulted, falsely imprisoned, and his active court cases have been stolen two times.  Plaintiff

21   claims that he is in fear for his life, believes that California Department of Corrections and

22   Rehabilitation ("CDCR") employees are going to murder him and he needs protection from

23   unidentified CDCR employees.  (ECF No. 1 at 1.)  However, no pleading has been filed by the

24   plaintiff.  In order to commence an action, plaintiff must file a complaint as required by Rule 3 of

25   the Federal Rules of Civil Procedure, and plaintiff must either pay the required filing fee or file an

26   application requesting leave to proceed in forma pauperis.[1]  See 28 U.S.C. §§ 1914(a), 1915(a).

27   _____

[1] If leave to file in forma pauperis is granted, plaintiff will still be required to pay the filing fee
28   but will be allowed to pay it in installments.

1

1    Plaintiff is cautioned that the in forma pauperis application form includes a section that must be

2    completed by a prison official, and the form must be accompanied by a certified copy of

3    plaintiff's prison trust account statement for the six-month period immediately preceding the

4    filing of this action.

5         The court will not issue any orders granting or denying relief until an action has been

6    properly commenced.  Plaintiff will be provided the opportunity to file a complaint, and to submit

7    a completed application requesting leave to proceed in forma pauperis, including the certified

8    prison trust account statement, or to submit the appropriate filing fee.

9         Plaintiff's claim that his life is in danger is not taken lightly.  In an abundance of caution,

10   the court reviewed plaintiff's 137 page filing.  In his memo to the Attorney General, plaintiff

11   identifies his claims against specific CDCR employees, without referencing dates of the incidents

12   or citing to particular pages in his attached documents.  (ECF No. 1 at 3.)  Following is a brief

13   synopsis of plaintiff's allegations against specific CDCR staff, taken from the exhibits provided:

14   • On August 31, 2007, at CMF, Banks, Pompy, and J. Anunciacion assaulted plaintiff and

15     "deliberately destroyed" part of plaintiff's court case. (ECF No. 1 at 16.)

16   • On April 8, 2009, at CMF, Officers Sahota and Lt. Brown "verbally threatened to assault"

17     plaintiff.  (ECF No. 1 at 30.)

18   • On February 21, 2010, at CMF, Officer Zepeda made false statements to Sgt. Sheldon and

19     Hall, resulting in plaintiff being "falsely imprisoned" in ad seg.  (ECF No. 1 at 53, 58-59.)

20     Lt. Flores released plaintiff from ad seg two days later stating Zepeda had no confidential

21     informant.  (ECF No. 1 at 65.)

22   • On March 11, 2013, at California State Prison, Sacramento, Officer Nappi assaulted

23     plaintiff.  (ECF No. 1 at 112; 125-36.)

24   • On April 4, 2013, while at San Joaquin General Hospital, Sgt. Baker threatened to assault

25     plaintiff; staff refused to investigate, despite plaintiff having witnesses and a camera in the

26     room.  (ECF No. 1 at 84-86.)

27   • On March 16, 2014, while at the California Health Care Facility in Stockton, a medical

28     nurse threatened to assault plaintiff, and staff refused to investigate.  (ECF No. 104-08.)

- Since his return to CMF on April 1, 2015, plaintiff claims he has been "falsely imprisoned" in ad seg based on stale claims of enemy concerns, as well as an August 21, 2015 hearing, held without plaintiff's presence, in which a new inmate documented plaintiff as an enemy.[2]  Plaintiff claims that CMF prison staff refuse to provide plaintiff with the supporting documentation.  (ECF No. 1 at 4-5.)

In addition, plaintiff states he has had two major brain surgeries, and has dementia and a heart condition.  (ECF No. 1 at 8.)  Plaintiff has also been diagnosed with paranoia, one of the side effects of his brain surgeries.  (ECF No. 1 at 67.)

Plaintiff fails to provide detailed facts concerning an alleged imminent threat.  Plaintiff does not identify prison employees in the context of a specific and imminent threat of harm.  The complaints plaintiff has filed against various prison staff through the years do not accumulate to demonstrate an imminent threat of harm because many of the complaints occurred years ago, and his complaints are unrelated in context, or participants, and three of the incidents occurred at different facilities.  Plaintiff alleges no facts connecting these incidents.  Plaintiff states that he believes that "with all the complaints [he has] filed against them," that CDCR employees are going to murder him.  (ECF No. 1 at 1.)  But many prisoners file multiple complaints against prison staff without repercussion.  Plaintiff has not identified a current, discrete threat.  Plaintiff's allegation of a general threat, without more, is insufficient to support a claim for injunctive relief.

Moreover, court records indicate that plaintiff has now been transferred away from CMF to the California State Prison, Sacramento.  Tunstall v. Fox, Case No. 2:15-cv-1806 CKD (ECF No. 4).  Because plaintiff is no longer housed at CMF, any alleged threat by prison staff at CMF is now moot.  In addition, it appears that plaintiff is pursuing his claim for injunctive relief based on a potential threat by Arno Nappi in Case No. 2:15-cv-1806 CKD (ECF No. 4).

////

---

[2]  Plaintiff is cautioned that he is required to exhaust his administrative remedies prior to filing in federal court.  Exhaustion in prisoner cases covered by 42 U.S.C. § 1997e(a) is mandatory.  Porter v. Nussle, 534 U.S. 516, 524 (2002).  Because plaintiff is required to pursue his administrative remedies through the third level of review, plaintiff could not have exhausted claims concerning an August 2015 hearing prior to filing the instant action.

Because plaintiff has wholly failed to present a motion for injunctive relief supported with facts suggesting an imminent threat of harm, the court declines to construe plaintiff's filing as such.

With regard to the complaint to be filed in this action, plaintiff is cautioned that he may not raise unrelated claims against different defendants in the same complaint. Unrelated claims against different defendants must be pursued in multiple lawsuits.

> The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied). Similarly, plaintiff may not pursue claims in this action that are presently pending in other actions.

Finally, if plaintiff chooses, he may voluntarily dismiss this action to avoid incurring the filing fee.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Within thirty days from the date of this order, plaintiff shall:

A. File a complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the complaint must bear the docket number assigned this case; plaintiff must file an original and two copies of the complaint. Plaintiff shall also submit the application to proceed in forma pauperis on the form provided by

////

////

////

4

the Clerk of Court, and a certified prison trust account statement, or the filing fee in the amount of $400.00.[3]

> OR

> B.  Plaintiff shall file a notice of voluntary dismissal.

Plaintiff's failure to comply with this order will result in a recommendation that this matter be dismissed; and

2.  The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action, and the application to proceed in forma pauperis by a prisoner.

Dated:  October 19, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/tuns2100.noc

---

[3]  The $400.00 is comprised of the $350.00 filing fee and a $50.00 administrative fee.  If plaintiff is granted leave to proceed in forma pauperis, plaintiff is not required to pay the $50.00 administrative fee.